IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYMONDS FLAGS AND POLES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-CV-1031-G |
| | § | |
| STATE FARM LLOYDS. | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant State Farm Lloyds's Motion to Limit Plaintiff's Claim for Attorneys' Fees.  (Dkt. No. 10.)  State Farm filed a brief (Dkt. No. 11 ("D. Br.")) and appendix (Dkt. No. 12 ("D. App.")) in support of its motion.  Plaintiff Symonds Flags and Poles, Inc. filed a response (Dkt. No. 14), brief in opposition to the motion (Dkt. No. 15 ("P. Br.")), and appendix (Dkt. No. 16 ("P. App.").  Finally, State Farm filed a reply (Dkt. No. 17 ("Reply")) and supplemental appendix (Dkt. No. 18 ("D. Supp. App.")).[1]

Based on the briefs and applicable authority, the undersigned concludes that State Farm's motion should be granted.

---

[1] While the Court's local rules contemplate instances in which evidence might be submitted in an appendix with a reply, that does not cut against the "baseline presumption against judicial consideration of an evidentiary appendix in reply briefing." *Beaumont Lamar Apartments, LLC v. Wallis Bank*, No. 4:23-CV-00341-O, 2023 WL 12035401, at *3 (N.D. Tex. Nov. 8, 2023).  The undersigned has not considered its contents in making these findings, conclusions, and recommendation.

## I. BACKGROUND

This lawsuit arises out of wind and hail damage to Symonds's property that occurred on March 16, 2023, while the property was insured under a policy issued by State Farm. (*See* Dkt. No. Dkt. 1-3 Exh. C ("Compl.").) Symonds submitted a claim to State Farm on March 22, 2023, and State Farm inspected the property the following month. (D. App. 5-6.) The insurer provided an estimate of covered damages, issued a payment, and a sent a letter explaining its decision on the claim on June 7, 2023. (D. App. 6; P. App. 57, 59.) In correspondence dated that day, State Farm stated that it was issuing a payment for $21,804.97 and that an additional amount of $50,603.32 was available for replacement cost benefits once repairs were completed. (P. App. 59.) That letter further stated that because Symonds did not report any damage to the interior of the building, no inspection of the interior was made and, thus, Symonds would need to report any interior damage it believe might related to the loss. (P. App. 60.) On the same day, State Farm notified Symonds by separate letter that there was no "accidental direct damage to the roof surface" and, with respect to the roof, concluded that "[d]amage resulting from this cause of loss is not covered by [its] policy." (P. App. 57.) On February 5, 2025, sent an additional payment of $3,284.57 in settlement of the claim. (P. App. 62.) By terms of the policy, Symonds had until two years after the loss occurred to file suit, or March 16, 2025. (*See* P. App. 34.)

In late-February 2025, Symonds retained a public adjuster that notified State Farm of its representation of Symonds on the claim and requested certain information from State Farm about the claim. (D. App. 8, 10.) On March 13, 2025, Symonds, through counsel, sent State Farm a notice pursuant to Tex. Ins. Code § 542A.003(a) and, that same day, filed this lawsuit in the 160th District Court of Dallas County asserting claims for breach of contract and unfair settlement practices. (D. App. 16; *see* Compl.) State Farm appeared in the action and, on April 24, 2025, filed its original answer. (Dkt. No. 1-3 Exh. E.)

On April 25, 2025, State Farm removed the action to this Court based on diversity jurisdiction. (*See* Dkt. No. 1.) Then, on May 14, it filed the instant motion seeking to limit Symonds's request for attorney's fees under § 542.007(d). (Dkt. No. 10.)

## II. LEGAL STANDARDS

In cases of an insurance policy providing coverage for real property or improvements, Chapter 524A of the Texas Insurance Code requires an insured to provide notice of its intent to sue at least 61 days before filing suit. Tex. Ins. Code § 542A.003(a) ("[N]ot later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."). The statute excuses notice, however, if giving notice is impracticable because "the claimant has a reasonable basis for

believing there is insufficient time to give the presuit notice before the limitations period will expire" or "the action is asserted as a counterclaim." Tex. Ins. Code § 542A.003(d). The purpose of this provision is to promote settlement and allow the insurer an opportunity to accept liability without court intervention. *See H5R, LLC v. Scottsdale Ins. Co.*, No. 3:23-CV-1197-K, 2023 WL 8244299, at *2 (N.D. Tex. Nov. 28, 2023).

Failure to provide this presuit notice sufficiently in advance of filing comes with consequences. If a defendant pleads and proves that the plaintiff was required to comply with the notice requirement but did not do so, a court may not award the insured any attorney's fees incurred after the date of the defendant's motion. Tex. Ins. Code § 542A.007(d). The notice and related limitations on attorney's fees under Texas law is substantive in nature and, therefore, applicable in diversity cases such as this one. *See Ogboru v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:24-CV-1705-D, 2025 WL 745868, at *2 (N.D. Tex. Mar. 7, 2025) (collecting cases).

### III. ANALYSIS

The parties do not dispute several aspects of this matter. There is no disagreement, for example, that Chapter 542A applies to this case, that Symonds sent its § 542A.003(a) notice the same day that it filed suit, that the contents of its notice were sufficient under § 542A.003(b), that Symonds was required to file suit by March

16, 2025 per terms of the policy,[2] and that State Farm's motion is timely under § 542A.007(d).

Symonds's sole argument in opposition to State Farm's motion is that it was excused by § 542A.003(d) from giving notice at least 61 days before filing suit because such notice was rendered impracticable by a reasonable belief there was insufficient time to give notice prior to the limitations deadline. (P. Br. at 3-4.) It contends that State Farm did not complete its adjustment of the claim until February 5, 2025, which was already within the 61-day window preceding expiration of the limitations period. (P. Br. at 4.) Symonds avers that State Farm's delay in adjusting the claim prevented it from submitting a timely presuit notice.

"The 'reasonable basis' standard for impracticability is 'not an easy threshold to satisfy and "ought to be reserved for those instances in which presuit notice genuinely cannot be provided."'" *M Cent. Residences Condo. Ass'n Inc. v. Tech. Ins. Co., Inc.*, No. 3:23-CV-0640-D, 2023 WL 4089388, at *3 (N.D. Tex. June 20, 2023) (quoting *Sarwar v. Gen. Star Indem. Co.*, No. 3:22-CV-0941-G, 2023 WL 36073, at *3 (N.D. Tex. Jan. 3, 2023) (quoting *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 536 (S.D. Tex. 2021) (citations omitted))). "For this exception to apply, the plaintiff must offer some 'reason independent from simply

---

[2] State Farm states that "[t]here was no statute of limitations that could have expired by March 13, 2025." (D. Br. at 3-4.) The relevance of that statement is unclear. The undersigned reads the briefing as in agreement between the parties that the lawsuit was filed on March 13, 2025, and that expiration of the limitations period set by the policy was March 16, 2025.

stating that the impending expiration of the limitations period made notice impracticable.'" *Sarwar*, 2023 WL 36073, at *3 (quoting *Hosp. Operations, LLC v. Amguard Ins. Comapny*, No. 1:19-CV-00482, 2019 WL 11690209, at *2 (E.D. Tex. Dec. 2, 2019)).

Courts have rejected claims of impracticability from plaintiffs whose lateness in providing notice was attributed to their retention of counsel shortly before expiration of the limitations period. *See, e.g.*, *M Cent.*, 2023 WL 4089388, at *3; *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-00100, 2019 WL 453378, at *6 (S.D. Tex. Jan. 14, 2019). In *M Central*, for example, a plaintiff sought to excuse the late notice after it retained counsel only two weeks before the limitations period for some of its claims might expire, when it became apparent that the parties' negotiations would not result in an agreement. *M Cent.*, 2023 WL 4089388, at *3. That they had engaged in substantial negotiations to that point, however, did not make it "apparent why [the plaintiff] could not provide notice while attempting to resolve its potential claim without filing suit." *Id.*

Additionally, the decision Symonds relies on here undermines its position. In *Townhomes of Heritage Square Homeowner's Ass'n v. Philadelphia Indemnity Insurance Co.*, No. 4:23-CV-504-SDJ-AGD, 2024 WL 1364761 (E.D. Tex. Mar. 14, 2024), *accepted*, 2024 WL 1346919 (E.D. Tex. Mar. 29, 2024), a plaintiff similarly argued that an insurer's delay in adjusting the claim excused it from giving timely notice under § 542A.003(a). *Id.* at *2. There, the "Plaintiff waited for Defendant to return a

coverage letter, which Plaintiff did not receive until March 15, 2023." *Id.* It sent a presuit notice two days later and, little more than a month thereafter, filed suit. *Id.* at *1. Because Plaintiff received the coverage letter only 44 days before the date it believed the limitations period expired, the plaintiff argued that prior notice was impracticable and therefore excused by § 542A.003(d). *Id.* at *2. Symonds distinguishes this decision by pointing out that, in that case, the plaintiff was mistaken about its filing deadline and actually had ample time to give notice within the limitations period. (P. Br. at 5.) *See id.* But that was only one of two reasons given for the court's decision. Any suggestion that *Townhomes of Heritage Square* supports Symonds's position is belied by its clear language. Even accepting the plaintiff's mistaken belief that it received the coverage letter only 44 days before the deadline to file suit, the court stated plainly that the receipt of the coverage letter within the 61-day window was "insufficient to show impracticability" because "Plaintiff cannot assert impracticability simply because it was running up against a deadline." *Id.* at *2.

Similarly, Symonds has not established impracticability here. The evidence presented by the parties establishes that State Farm largely assessed Symonds's claim by mid-2023, with possible additional adjustment or negotiation for cost modifications or for interior damage. (*See* P. App. 59-60.) That some aspects of the claim were left to be resolved after that point did not make it impracticable for Symonds to have complied with the notice period mandated by § 542A.003(a). *See*

*M Cent.*, 2023 WL 4089388, at *3 ("It is not apparent why M Central could not provide notice while attempting to resolve its potential claim."); *Townhomes of Heritage Square*, 2024 WL 1364761, at *2 (rejecting suggestion that timely notice was impracticable prior to receiving coverage letter from insurer).

Because Symonds failed to provide timely presuit notice and such notice is not excused as impracticable under § 542A.003(d), the Court may not award Symonds attorney's fees incurred after May 14, 2025, the date State Farm filed its motion. *See* Tex. Ins. Code § 542A.007(d).

## IV.  RECOMMENDATION

The undersigned magistrate judge **RECOMMENDS** that State Farm's Motion to Limit Plaintiff's Attorneys' Fees (Dkt. No. 10) be **GRANTED**.

**SO RECOMMENDED** on December 9, 2025.

 BRIAN McKAY
 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).